UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICARDO GLOVER,
           Plaintiff,

    v.                                Case No. 16-CV-1048

JON LITSCHER, et al.,
           Defendants.

## ORDER

Plaintiff, Ricardo Glover, filed this pro se civil rights complaint under 42 U.S.C. § 1983 and is proceeding in forma pauperis on various claims. Before me now is plaintiff's motion for reconsideration of my order dated October 26, 2016. In that order, I granted defendants' motion for an extension of time in which to respond to plaintiff's motion for a preliminary injunction. Plaintiff opposes this extension, calling it a "stall tactic." ECF No. 27, at 14. I have considered plaintiff's arguments, and my decision remains the same.

I granted defendants' motion for an extension of time for good cause. Plaintiff's motion for a preliminary injunction involves his medical treatment. Defendants explained that they were unable to respond to plaintiff's motion by the original due date because, despite reasonable efforts, they had not been able to "obtain an authorization and informed consent for use and disclosure of medical information from the plaintiff that meets the criteria under the Health Insurance Portability and Accountability Act" (HIPAA). Def.'s Mot., ECF No. 18, at 1. HIPAA is federal law governing the confidentiality and disclosure of private medical records.

Plaintiff does not dispute this. Instead, he argues that he provided authorization and informed consent in a form that he considers to be legally valid. *See* ECF No. 22, at 2. Gloria Marquardt, a Health Information Supervisor and HIPAA Compliance Officer employed by the State of Wisconsin, disagrees, swearing that plaintiff's form is missing several statements required by HIPAA. *See* Marquardt Decl., ECF No. 20.

Plaintiff admits that he has delayed signing the necessary HIPAA-compliant forms that defendant provided to him. He says, "Plaintiff Glover will not intentionally do anything that he might regret so doing later, such as signing the 'Authorization and Informed Consent for Use and Disclosure of Medical Information' form the defendants' attorney presented to him without total awareness of its consequent [sic]." ECF No. 27, at 4. While I don't begrudge plaintiff his caution in signing legal documents, he cannot impede defendants' ability to respond to his preliminary injunction motion and then object when they ask for (and are granted) more time in which to do so.

Finally, plaintiff complains that I granted defendants' motion for an extension of time without waiting for his brief in opposition to that motion. Federal Rule of Civil Procedure 6(b)(1) allows me to extend the time in which a party must or may act "for good cause . . . with or without motion or notice . . . if a request is made[] before the original time . . . expires." I initially ordered defendants to respond to plaintiff's motion for a preliminary injunction by October 21, 2016. ECF No. 14. Before that time expired, defendants requested an extension. ECF No. 18. I found good cause and granted the motion, consistent with Rule 6(b)(1).

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration (ECF No. 26) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2016.

                                        s/ Lynn Adelman

                                        _____
                                        LYNN ADELMAN
                                        District Judge